UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:13-CV-42-BR

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THOMAS F. "RICK" WEBB, and )<br>NEW LAKE HOLDINGS, L.L.C., )<br>)<br>Defendants. ) | ORDER |

This matter is before the court on the 3 October 2013 motion to dismiss filed by defendants Thomas F. "Rick" Webb ("Webb") and New Lake Holdings, L.L.C. (collectively "defendants"). (DE # 8.) The period to respond and reply to this motion has elapsed, and the matter is now ripe for disposition.

**I. BACKGROUND**

This is an action brought by plaintiff United States of America ("United States") seeking declaratory and injunctive relief for trespass on its property, monetary damages to its property, and to quiet title. (Compl., DE # 1, ¶ 1.) The United States contends that defendants have willfully trespassed and encroached upon the federal lands of the Pocosin Lakes National Wildlife Refuge. (Id.) The property of the United States comprises 3,940 acres of lake waters and submerged lands and 2,760 acres of forested wetlands. (Id. ¶ 18.) New Lake Holdings, L.L.C. owns land which borders the federal property at issue. (Id. ¶¶ 19-36.) At all times relevant to the complaint, Webb was involved in the operation of and directed the actions of New Lake Holdings, L.L.C. (Id. ¶ 6.)

Specifically, the claims of the United States arise out of defendants' alleged trespasses by

excavating canals into a body of water known as New Lake in order to obtain improved water access from the rear of their hunting lodge, mowing cypress tree regrowth and other natural vegetation along the shore of New Lake, and depositing shot onto federal property from their shooting range. (Id. ¶¶ 1, 37-80.) The United States maintains that "defendants continue their refusal to recognize the common boundary line that is marked by artificial monuments and described by specific courses and distances to the long-established water's edge of New Lake, as established by the deeds of the respective parties and a survey." (Id. ¶ 1.)

This action was commenced on 2 July 2013. (DE # 1.) On 3 October 2013, defendants filed their answer, counterclaim, and motion to dismiss. (DE # 5.) On the same date, defendants filed an amendment to the aforementioned document, which included a memorandum of law in support of their motion to dismiss. (DE ## 8, 8-1.) The United States filed a response to the motion on 24 October 2013. (DE # 11.) Defendants did not file a reply.

## II. DISCUSSION

The court initially notes that although defendants' motion is labeled as a "Motion to Dismiss" (Mot., DE # 8, at 1; Mem., DE # 8-1, at 1) pursuant to Rules 12(b)(7) and 19 of the Federal Rules of Civil Procedure, the motion is in fact one to compel the joinder of necessary parties. Defendants maintain that the "primary purpose" of this action is to determine the location of the common boundary between the property of the United States, *i.e.*, New Lake, and the property of New Lake Holdings, L.L.C. (Mot., DE # 8, at 1 ¶ 1.) They emphasize that the survey relied upon by the United States to fix the location of that common boundary also purports to determine the common boundary between New Lake and approximately thirteen other parcels of land which also adjoin New Lake. (Id. at 1-2 ¶ 2.) Defendants argue that the

2

owners of these other parcels of land ("the adjoining landowners") are required parties who must be joined to this action pursuant to Federal Rule of Civil Procedure 19. (Id. at 3-4; see also Mem., DE # 8-1, at 5.)

Federal Rule of Civil Procedure 12(b)(7) provides that a party may assert by motion the defense of "failure to join a party under Rule 19." Fed. R. Civ. P. 12(b)(7). Rule 19 sets forth a two-step inquiry. See Owens-Illinois, Inc. v. Meade, 186 F.3d 435, 440 (4th Cir. 1999). First, the court must consider whether a non-party is "required," *i.e.*, "necessary" to the action, because of its relationship to the matter under consideration. Fed. R. Civ. P. 19(a)(1) ("required"); Owens-Illinois, 186 F.3d at 440 ("necessary"). A party is required under Rule 19(a)(1) if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> > (i) as a practical matter impair or impede the person's ability to protect the interest; or
> >
> > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1)(A)-(B). If a person has not been joined as required, the court must order that the person be made a party. Fed. R. Civ. P. 19(a)(2). If the person is not a required party, however, the inquiry ends. See Mainstream Constr. Grp., Inc. v. Dollar Props., LLC, No. 7:09-CV-00148-BR, 2010 WL 2039671, at *2 (E.D.N.C. May 20, 2010) ("If a party is not 'necessary,' the inquiry ends there." (citation and internal quotation marks omitted)).

Second, if a required non-party cannot be joined because, for example, its presence would destroy the court's diversity jurisdiction, the court must determine under Rule 19(b)

3

whether, in equity and good conscience, the proceeding should continue in its absence. In other words, the court must determine whether the non-party is "indispensable." Owens-Illinois, 186 F.3d at 440; Am. Gen. Life & Accident Ins. Co. v. Wood, 429 F.3d 83, 92 (4th Cir. 2005). "Courts are loath to dismiss cases based on nonjoinder of a party, so dismissal will be ordered only when the resulting defect cannot be remedied and prejudice or inefficiency will certainly result." Owens-Illinois, 186 F.3d at 441. Such a decision must be made pragmatically, in the context of the substance of each case rather than by procedural formula. Id.

Defendants, as the moving parties, bear the burden under Federal Rule of Civil Procedure 12(b)(7) of demonstrating that required parties have not been joined. See Wood, 429 F.3d at 92. "'To satisfy this burden, [the moving party] may present evidence outside the pleadings, such as affidavits of persons knowledgeable about the party's interest, and the Court may consider such evidence, as well as evidence of existing alternative state remedies.'" Mainstream Constr. Grp., 2010 WL 2039671, at *1 (alteration in original) (quoting Hughes v. Bank of Am., No. 5:07CV00109, 2008 WL 3926552, at *2 (W.D. Va. Aug. 26, 2008)); see also 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1359 (3d ed. 2007) (in considering a Rule 12(b)(7) motion to dismiss, a district court "is not limited to the pleadings"). Ultimately, defendants must "show that the person who was not joined is needed for a just adjudication." Wood, 429 F.3d at 92 (citation and internal quotation marks omitted).

One basis upon which a party may be a required, or necessary, party is if, "in that person's absence, the court cannot accord complete relief among existing parties[.]" Fed. R. Civ. P. 19(a)(1)(A). In this case, the court notes that defendants do not appear to argue that the adjoining landowners are necessary to accord complete relief between the United States and

4

defendants. Even assuming that defendants did intend to raise this argument, they have not met their burden of proof under Rule 19(a)(1)(A). See Wood, 429 F.3d at 92.

Another way in which a party can be a required, or necessary, party is if the party claims an interest relating to the subject of the action and is so situated that disposing of the action in its absence may, as a practical matter, impair or impede its ability to protect its interest or leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations. Fed. R. Civ. P. 19(a)(1)(B)(i)-(ii). As a threshold matter, the court notes that it is doubtful that the adjoining landowners have a claimed interest relating to the subject of the current action that would suffice under Rule 19(a)(1)(B). Although an absentee is not obliged to intervene, see Martin v. Wilks, 490 U.S. 755, 763-65 (1989), Rule 19 plainly requires the absentee to claim an interest in the litigation. Here, defendants merely represent that they have been "advised by several owners of parcels to the north that they desire to become a party to this litigation aligned with Defendant New Lake Holdings, L.L.C. in order to contest where the [United States] contends the boundary of their property and New Lake is located." (Mot., DE # 8, at 3 ¶ 6; see also id. at 2-3 ¶ 5.) The information provided by defendants does not clearly establish that the adjoining landowners have the requisite interest in the pending litigation. See, e.g., Walton v. United States, 415 F.2d 121, 124-25 (10th Cir. 1969) (stating that to be necessary, a party must have an interest in the specific property being adjudicated in the lawsuit); United States v. Scherping, Civ. No. 4-89-825, 1992 WL 188817, at *2 (D. Minn. May 26, 1992) (moving party under Rule 19 may need to present affidavits or other extra-pleading evidence of the absent party's interest).

Nevertheless, for the purposes of the following discussion, the court will assume for the

5

sake of argument that the adjoining landowners have claimed a sufficient interest in this litigation. Pursuant to Rule 19(a)(1)(B)(i), defendants contend that if the adjoining landowners are not added to this action, those landowners "will be impaired and impeded in their ability to protect their property and the common line they claim when the government pleads collateral estoppel based on the adjudication in this case as a bar to the other adjoining owners contending the line is elsewhere." (Mem., DE # 8-1, at 3.)

The court finds that defendants have not made a showing that the adjoining landowners will be bound by the results of these proceedings. See Modern, Inc. v. Florida, 444 F. Supp. 2d 1234, 1243-44 (M.D. Fla. 2006) (court did not allow joinder where movant made no showing that nonparty landowners in action regarding easement rights would necessarily be bound by the results of the action). Defendants have not cited any case law regarding the application of the doctrine of collateral estoppel, otherwise known as issue preclusion. As a general matter, collateral estoppel bars relitigation only by those parties who actually litigated the issue in the prior proceeding. See, e.g., Baker v. Gen. Motors Corp., 522 U.S. 222, 237 n.11 (1998) ("In no event . . . can issue preclusion be invoked against one who did not participate in the prior adjudication."); Freeze v. United States, 343 F. Supp. 2d 477, 482 (M.D.N.C. 2004) ("Issue preclusion . . . applies only when the later litigation arises from a different cause of action between the same parties."), aff'd, 131 F. App'x 950 (4th Cir. 2005) (per curiam) (unpublished). Thus, the ability of the adjoining landowners to raise their own defenses in any potential future actions will likely not be affected by any outcome in this lawsuit. See Cliffs Plantation Timber Farm, LLC v. United States, Civil Action No. 5:05cv197-DCB-JMR, 2007 WL 2746789, at *4 (S.D. Miss. Sept. 19, 2007) (holding in a boundary line dispute case that the interests, rights, and

6

obligations of nonparty adjacent landowners "could not potentially be affected merely by the determination of the proper boundary line" in action between plaintiff and defendant). As a result, the court concludes that the adjoining landowners are not required parties under Rule 19(a)(1)(B)(i).

Defendants further argue that "the other adjoining owners will also be subject to the risk of incongruous or inconsistent results in a manner prohibited by Rule 19(a)[(1)(B)(ii)]." (Mem., DE # 8-1, at 4.) However, the express language of the rule states that joinder is required only if disposing of the action in the absence of the nonparties would "leave <u>an existing party</u> subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations . . . ." Fed. R. Civ. P. 19(a)(1)(B)(ii) (emphasis added). In this case, all of the issues between the United States and defendants can be consistently decided. Defendants will be subject to only one determination, from this court, regarding their alleged trespass, their property line with the United States, and whether their actions entitle the United States to injunctive relief. It does not appear that any of the issues raised in this action would create inconsistent obligations to an "existing party" because of the potential interests of nonparties regarding their separate and unique property lines. See <u>Cliffs Plantation Timber Farm</u>, 2007 WL 2746789, at *4 (holding in a boundary line dispute case that "neither of the parties [in that action] could conceivably incur inconsistent obligations should future disputes arise with the [nonparty adjacent landowners]").

Furthermore, Rule 19(a)(1)(B)(ii) "'compels joinder of an absentee to avoid inconsistent <u>obligations</u>, and not to avoid inconsistent adjudications. It is not triggered by the possibility of a subsequent adjudication that may result in a judgment that is inconsistent as a matter of logic.'" <u>Wheeler Peak, LLC v. L.C.I.2, Inc.</u>, No. CIV 07-1117 JB/WDS, 2009 WL 2982817, at *6

7

(D.N.M. Aug. 15, 2009) (emphasis in original) (quoting 4 Moore's Federal Practice § 19.03[4][d] at 19-59 to 19-60); see also Cnty. of Brunswick v. Bond Safeguard Ins. Co., Nos. 7:12-CV-123-D, 7:12-CV-124-D, 2013 WL 663720, at *5 (E.D.N.C. Feb. 22, 2013) (citing RPR & Assocs. v. O'Brien/Atkins Assocs., P.A., 921 F. Supp. 1457, 1464 (M.D.N.C. 1995) ("The rule protects against obligations that are inconsistent rather than adjudications that are inconsistent.")). As the First Circuit Court of Appeals has explained:

> "Inconsistent obligations" are not . . . the same as inconsistent adjudications or results. Inconsistent obligations occur when a party is unable to comply with one court's order without breaching another court's order concerning the same incident. Inconsistent adjudications or results, by contrast, occur when a defendant successfully defends a claim in one forum, yet loses on another claim arising from the same incident in another forum.

Delgado v. Plaza Las Americas, Inc., 139 F.3d 1, 3 (1st Cir. 1998) (citations omitted). In this case, although defendants speculate that inconsistent "results" (Mem., DE # 8-1, at 4) may occur in the future, they have not shown that a scenario will arise where a party to the current action will be unable to obey two conflicting orders from different courts. Because defendants have not shown that an existing party will be subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations if this action is disposed of in the absence of the adjoining landowners, the court concludes that the adjoining landowners are not required parties under Rule 19(a)(1)(B)(ii).

Finally, the court notes that defendants also argue that the United States chose to attach a land survey to the complaint and that the survey "references and necessarily calls into question the respective titles and boundaries of the other adjoining owners." (Mem., DE # 8-1, at 4.) The court disagrees with defendants' interpretation of the attachment. If anything, the survey demonstrates that the boundary lines between the property of the United States and that of the

adjoining landowners along New Lake are irregular. Any determinations regarding boundary line disputes between the United States and these landowners will involve separate and distinct issues and will be fact-specific based on the unique property deeds, property descriptions, and property markers of these various landowners.

In sum, the adjoining landowners are not necessary parties under Rule 19(a).[1] Accordingly, defendants' motion fails.

### III.  CONCLUSION

For the foregoing reasons, defendants' motion (DE # 8) is DENIED.

This 8 May 2014.

                                        W. Earl Britt
                                        Senior U.S. District Judge

---

[1] The court need not address the issue of feasibility of joinder under Rule 19(b) because the absent parties are not required to be joined under Rule 19(a). See Mainstream Constr. Grp., 2010 WL 2039671, at *2.